UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT STEPHENS,                                    Case No. 12 CV 1825
                Plaintiff,                              (FB) (SMG)

        -against-                                          **SECOND AMENDED COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE                     JURY DEMAND
VIRGIL CUMBERBATCH [SHIELD # 5766],
SERGEANT FRITZ GLEMAUD [SHIELD #
3224], UC # 0115, UC # 0226, DETECTIVE
BRUCE TULLOCH [SHIELD # 4816],
DETECTIVE ZOLTAN DOBROSSY [SHIELD #
2563], DETECTIVE RASHAN LACOSTE
[SHIELD # 2285], P.O. THOMAS LODICO
[SHIELD # 5363] and DETECTIVE GABRIEL
ECHEVARRIA [SHIELD # 6488],
                Defendants.
------------------------------------------------------------X

Plaintiff, ROBERT STEPHENS, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Virgil Cumberbatch [Shield # 5766], Sergeant Fritz Glemaud [Shield # 3224], UC # 0115, UC # 0226, Detective Bruce Tulloch [Shield # 4816], Detective Zoltan Dobrossy [Shield # 2563], Detective Rashan Lacoste [Shield # 2285], P.O. Thomas Lodico [Shield # 5363] and Detective Gabriel Echevarria [Shield # 6488] (collectively, "defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First,

Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. At all relevant times, defendants Detective Virgil Cumberbatch [Shield # 5766], Sergeant Fritz Glemaud [Shield # 3224], UC # 0115, UC # 0226, Detective Bruce Tulloch [Shield # 4816], Detective Zoltan Dobrossy [Shield # 2563], Detective Rashan Lacoste [Shield # 2285], P.O. Thomas Lodico [Shield # 5363] and Detective Gabriel Echevarria [Shield # 6488] (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiff is suing the defendant officers in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about September 24, 2011, at approximately 5:30 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or close to his home, which is located at 758 MacDonough Street, Brooklyn, New York, and charged plaintiff with PL 220.16(1) 'Criminal possession of a controlled substance in the third degree', among other charges.

10. Plaintiff, however, was not in possession of any controlled substance, and did not commit any offense against the laws of New York City and/or State for which the arrest may be lawfully made.

11. Prior to the arrest, plaintiff stopped to say hello to one of his neighbors when defendant officers suddenly descended upon the plaintiff and his neighbor with their guns drawn, and forcibly grabbed and slammed plaintiff to the ground.

12. Plaintiff and his neighbor were then immediately ordered by defendant officers to submit themselves to an illegal search, with defendant officers pushing, shoving and kicking the plaintiff.

13. Even though defendant officers did not find anything illegal, defendant officers nonetheless tightly handcuffed the plaintiff with his hands placed behind his back.

14. After falsely arresting the innocent plaintiff, defendant officers pushed him into their police van and drove around for approximately 1 hour.

15. Eventually, defendant officers transported plaintiff to the NYPD-73rd Precinct.

16. While at the precinct, plaintiff was further subjected to a strip naked and forced body cavity search in the presence and clear view of other individuals who were present at the time.

17. The aforesaid strip and body cavity search was illegal because defendant officers lacked reasonable suspicion to believe that plaintiff was in possession of contraband, weapons, and/or a means of escape.

18. Eventually, plaintiff was transported to the Central Booking to await arraignment.

19. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

20. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff was in possession of a controlled substance.

21. Based on the false testimony of the defendant officers, a prosecution was commenced against plaintiff.

22. On or about September 26, 2011, plaintiff appeared before a judge.

23. That bail was set in the amount of $5,000.

24. Because plaintiff could not make bail, plaintiff was transported to Rikers Island Correctional Facility, and was incarcerated at said facility for several days following his arrest.

25. That the defendants further subjected the innocent plaintiff to daily strip naked and forced body cavity searches during the entire period of his unlawful incarceration.

26. On or about September 30, 2011, plaintiff was transported to the criminal court for proceedings in connection with the criminal complaint against him.

27. Because defendants failed to meet the deadlines specified under CPL 180.80, plaintiff was released on his own recognizance, and was then advised that the false charges levied against him would be dismissed thereafter.

28. On or about January 11, 2012, the false charges levied against plaintiff were summarily dismissed by the prosecutors for lack of evidence.

29. That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

30. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

31. As a result of the aforesaid actions by defendant officers, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation,

shock, discomfort, loss of liberty, pain and damage, loss of property, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

32. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 31 of this complaint as though fully set forth herein.

33. The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, abuse of process, failure to intervene, first amendment retaliation, illegal and unreasonable search and seizure, subjection to strip naked and forced body cavity searches, conspiracy, fabrication of evidence, denial of right to a fair trial, denial of due process rights and malicious prosecution.

34. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

35. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City of New York

36. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 35 of this complaint as though fully set forth herein.

37. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

38. Additionally, defendant City of New York, acting through Charles J. Hynes and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

39. Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally strip searching, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics and/or drug transactions.

40. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

41. For example, NYPD Police Officer Michael Carsey was recently convicted of felonies for lying under oath and falsifying information while applying for a search warrant.

42. Police Officer Carsey's supervisor, Sergeant William Eiseman, had earlier admitted to fabricating facts to justify searching vehicles and homes for cocaine, marijuana and guns, filing false information to obtain search warrants and performing illegal searches of vehicles and homes. That Sergeant Eiseman admitted to perjury and fabricating evidence against innocent persons that he falsely arrested and charged with possession of narcotics and/or illegal drugs, and also admitted to training numerous young police officers to commit similar crimes and/or offenses.

43. In addition, in or about October 2011, Detective Stephen Anderson testified against Detective Jason Arbeeny, a veteran of the NYPD. That Detective Anderson testified that, among other things, it is a common practice within the NYPD to plant narcotics and/or illegal drugs -- commonly known within the NYPD as "flaking" -- on innocent persons in order to meet arrest quotas. Detective Anderson referred to the practice of planting narcotics and/or illegal drugs on innocent persons as "attaching bodies" to the narcotics and/or illegal drugs. According to Detective Anderson, this practice "was something I was seeing a lot of, whether it was from supervisors or undercovers and even investigators."

44. Regarding the issue of arrest quotas, Detective Anderson confirmed that the NYPD requires officers to fill quotas, and testified that even as a detective "you still have a number [of arrests] to reach while you are in the narcotics division."

45. Recently, a jury determined that officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

46. Prior to his testimony, Detective Anderson and his partner provided false testimony in court claiming that they purchased cocaine from certain individuals who as surveillance video later confirmed did not have any sort of contact or communication with Detective Anderson and his partner during the time period that Detective Anderson and his partner claimed to have purchased the controlled substances and/or illegal drugs.

47. That Detective Arbeeny was subsequently convicted of planting controlled substances and/or illegal drugs on a woman and her boyfriend, and was convicted of the charges against him including official misconduct, offering a false instrument for filing and falsifying business records.

48. That the New York Supreme Court, County of Kings, Criminal Term, Gustin L. Reichbach, J., determined that the NYPD's drug unit has a system of flawed procedures that caused Detective Arbeeny's unlawful actions. Judge

7

|   |   |
|---|---|
|   | Reichbach further determined that the NYPD's drug unit has a widespread culture of corruption and has adopted a "cowboy culture" and practice which he described as "[a]nything goes in the never-ending war on drugs." That Judge Reichbach expressed shock at what he described as "the seeming pervasive scope of misconduct [and even worse] . . . the seeming casualness by which such conduct is employed." |
| 49. | Further, in or about 2008, the New York Supreme Court, County of Kings, Criminal Term, Albert Tomei, J., determined at a Mapp hearing in *People v. Simms*, Indictment No. 11263/07, which was held on or about September 9, 2008, that the police officers involved in the arrest in that matter are "not credible" and that the police officers' "testimony is so obviously fabricated . . . to avoid any Constitutional objections the defendant may have . . . and that [any] property taken . . . is to be suppressed because it was the product of an unlawful arrest and search and seizure." |
| 50. | That Mr. Simms was falsely charged with PL 220.16(1) 'Criminal possession of a controlled substance in the third degree', among other charges. As noted above, the plaintiff was also falsely charged with PL 220.16(1) 'Criminal possession of a controlled substance in the third degree', among other charges. |
| 51. | In addition to the instances of police misconduct described above, several officers of the NYPD -- including but not limited to Detective Christopher Perino, Police Officer Michael Daragjati, Police Officer Henry Tavarez, Police Officer William Masso, Detective Oscar Sandino, Detective Sean Johnstone, Sergeant Michael Arenella, Sergeant Jerry Bowens, Police Officer Michael Pena, Police Officer Nicholas Mina, Detective Kevin Spellman, Sergeant Bobby Hadid and Police Officer Admir Kacamakovic -- have recently been convicted of various similar crimes as those described herein including but not limited to falsifying police reports, perjury, corruption, robbery, drug dealing, prostitution, theft and assault. Former NYPD Commissioner Bernard Kerik was also recently convicted of corruption and similar crimes as those described herein. |

52. Upon information and belief, many of the named individual defendants, including but not limited to defendants Virgil Cumberbatch and Fritz Glemaud, have a lengthy substantiated history of police misconduct, fraud and dishonesty. Further, many of the named individual defendants, including but not limited to Cumberbatch and Glemaud, are named defendants in numerous lawsuits in this district and in the Southern District of New York alleging similar claims as those alleged herein -- many of which lawsuits have been settled by defendant City of New York with said defendant making substantial monetary payments to the plaintiffs in the said lawsuits.

53. In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-73rd Precinct -- as the named individual defendants -- routinely make unlawful arrests charging innocent persons with possession of narcotics and/or illegal drugs.

54. That most of the arrests and charges for possession of narcotics and/or illegal drugs made by officers assigned to the NYPD-73rd Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

55. That defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-73rd Precinct in connection with the unlawful arrests and charges described herein. *See*, *e.g.*, *Geneeza Walls v. City of New York* (10 CV 5769); *Jermaine Tolbert v. City of New York* (11 CV 4871); *Anthony Holley v. City of New York* (12 CV 259); *Paul Lewis v. City of New York* (12 CV 1323); *Ramel King v. City of New York* (12 CV 1824); *Tyquan Myrick v. City of New York* (12 CV 2411); *Ramel King v. City of New York* (12 CV 4322).

56. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

57. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

58. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

59. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

60. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, because of his race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

61. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of 42 U.S.C. § 1985.

62. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

63. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 62 of this complaint as though fully set forth herein.

64. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

65. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

66. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

67. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FIFTH CAUSE OF ACTION: NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 67 of this complaint as though fully set forth herein.

69. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

70. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through

deliberate and malicious actions including the assault, strip search, detention and imprisonment by defendants.

71. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: ASSAULT AND BATTERY

72. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 71 of this complaint as though fully set forth herein.

73. The conduct of defendant officers, as described herein, amounted to assault and battery.

74. By reason of and as a consequence of the assault, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

75. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

76. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

SEVENTH CAUSE OF ACTION: NEGLIGENT HIRING, TRAINING, RETENTION, SUPERVISION AND DISCIPLINE

77. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 76 of this complaint as though fully set forth herein.

78. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

79. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

80. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

81. Upon information and belief, defendant City of New York's negligence in hiring, training, retaining, supervising and disciplining the defendants proximately caused plaintiff's injuries.

82. Upon information and belief, because of defendant City of New York's negligent hiring, training, retention, supervision and discipline of defendant officers, plaintiff incurred and sustained significant and lasting injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       February 11, 2013

UGO UZOH, P.C.

_____
By: Ugochukwu Uzoh (UU-9076)
Attorney for the Plaintiff
304 Livingston Street, Suite 2R
Brooklyn, NY 11217
(718) 874-6045

14

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ROBERT STEPHENS,

                                                Plaintiff,

against

THE CITY OF NEW YORK, DETECTIVE VIRGIL CUMBERBATCH [SHIELD # 5766], SERGEANT FRITZ GLEMAUD [SHIELD # 3224], UC # 0115, UC # 0226, DETECTIVE BRUCE TULLOCH [SHIELD # 4816], DETECTIVE ZOLTAN DOBROSSY [SHIELD # 2563], DETECTIVE RASHAN LACOSTE [SHIELD # 2285], P.O. THOMAS LODICO [SHIELD # 5363] and DETECTIVE GABRIEL ECHEVARRIA [SHIELD # 6488],

                                                Defendants.

---

**SECOND AMENDED SUMMONS & COMPLAINT**
**DEMANDS TRIAL BY JURY**

---

**LAW OFFICES OF UGO UZOH, P.C.**
304 LIVINGSTON STREET, SUITE 2R, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:


Defendant(s)/Attorney(s) For Defendant(s).

---

    Service of a copy of the within is hereby admitted

        Dated:_____

        Attorney(s) For:_____