```
 1                      UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF NEW YORK
 2

 3   --------------------------------X
                                     :
 4   ROBERT STEPHENS,                :
                                     :   12-CV-01825-FB (SMG)
 5              Plaintiff,           :
                                     :
 6        v.                         :   225 Cadman Plaza East
                                     :   Brooklyn, New York
 7   CITY OF NEW YORK, et al.,       :
                                     :   December 6, 2012
 8              Defendant.           :
     --------------------------------X
 9

10       TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONIC CONFERENCE
                BEFORE THE HONORABLE STEVEN M. GOLD
11                 UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13
     For the Plaintiff:         UGOCHUKWU UZOH, ESQ.
14                              Ugo Uzoh, P.C.
                                304 Livingston Street, Suite 2R
15                              Brooklyn, New York 11217

16
     For the Defendant:         CAROLYN KAY DEPOIAN, ESQ.
17                              New York City Law Department
                                100 Church Street
18                              New York, New York 10007

19

20

21   Court Transcriber:         RUTH ANN HAGER, C.E.T.**D-641
                                TypeWrite Word Processing Service
22                              211 N. Milton Road
                                Saratoga Springs, New York 12866
23

24

25


     Proceedings recorded by electronic sound recording, transcript
     produced by transcription service
```

```
                                                                       2
 1   (Proceedings began at 2:32 p.m.)
 2            THE COURT:  I'm putting us on the record in
 3   Stephens v. City of New York, 12-CV-1825.
 4            Appearance for plaintiff, please.
 5            MR. UZOH:  Good afternoon, Your Honor.  Ugo Uzoh for
 6   Mr. Stephens.
 7            THE COURT:  Thank you.  For the defendant.
 8            MS. DEPOIAN:  This is Carolyn Depoian for the City
 9   of New York and the nine individual defendants.
10            THE COURT:  Thank you.  I've read the letters.
11   Mr. Uzoh, in Ms. Depoian's letter and in particular on page 3
12   at the bottom, Ms. Depoian suggests that if an interrogatory
13   asked for the role played by each of the nine individual
14   defendants in the interactions with the plaintiff that formed
15   the subject matter of this lawsuit, the City would answer that
16   and that would provide you with the material you need
17   according to your letter to decide which of the defendants to
18   depose.  Why isn't that an efficient and elegant solution to
19   our problem?
20            MR. UZOH:  Well, Your Honor, a lot of the questions
21   that we asked the individual police officers actually where we
22   basically framed the questions to be able to figure out what
23   their roles were.  The --
24            THE COURT:  If the City tells you, you get the
25   answer, right?
```

1             MR. UZOH:  I'm sorry, Your Honor?
2             THE COURT:  If the City tells you what the roles
3    were, you get the answer that you need.
4             MR. UZOH:  But in this case, Your Honor, according
5    to the rules, interrogatories are to be answered by the
6    individuals that are --
7             THE COURT:  Yeah, and you're supposed to serve 25.
8             MR. UZOH:  Your Honor, that's -- as I explained in
9    my motion, that's when you're having -- you're looking at an
10   individual, a single party, not when you have --
11            THE COURT:  No, courts go both ways on that.
12            MR. UZOH:  -- probably about nine or ten individuals
13   involved in a lawsuit.
14            THE COURT:  Yeah, I've read those interrogatories.
15   They ask for narrative responses.  When there is a more
16   efficient way of obtaining the discovery, you -- the court can
17   direct that that is the way in which you proceed, correct?
18            MR. UZOH:  That is -- well, Your Honor, in this case
19   the other -- the other way of going around it is to depose all
20   nine individuals --
21            THE COURT:  Right.
22            MR. UZOH:  -- which will probably not be efficient
23   in this case.
24            THE COURT:  Well, but if you know each one's role,
25   you're going to figure out which ones to depose so I'm --

4

1         MR. UZOH:  If --
2         THE COURT:  Go ahead.
3         MR. UZOH:  Based on the questions that we ask them,
4  if they did actually respond to those questions we should be
5  able to figure out the individuals that we actually do need to
6  depose.
7         THE COURT:  Let's take a look at interrogatory
8  number 9.  Identify each and every action or communication
9  which you or any servant, agent or employee undertook or made
10 in connection with the decision to arrest the plaintiff on
11 September 24th.  That's not an appropriate inter -- well,
12 actually I'm looking at the ones to the City.  Let me go to
13 the right ones.
14        MS. DEPOIAN:  Your Honor.  I'm not sure if you -- do
15 you have copies of those ones?
16        THE COURT:  I think they're docket entry 14-3.  In
17 other words, I have your responses and I have Cumberbatch's
18 responses and objections in which they are reiterated.
19 Correct?
20        MR. UZOH:  Your Honor, they're not the same
21 questions.  We didn't ask the same questions to all the
22 individual --
23        THE COURT:  Well, then I'll use the ones that were
24 submitted as the basis for my ruling.
25        MS. DEPOIAN:  They're similar.  I mean they're not

```
                                                                    5
 1   the same.
 2              THE COURT:  Interrogatory number 4, the exact
 3   location where the search was performed including the street,
 4   floor, room and pavilion or building.  The exact spot at the
 5   location where each and all items were recovered.  All
 6   individuals who were present at the location.  Did you -- just
 7   a second.  Did you have any conversations with anyone
 8   concerning the plaintiff prior to at the time of or following
 9   arrest, each individual and each and every detail of the
10   conversation.  Describe in detail any training you may have
11   received concerned arrests, searches and seizures and the use
12   of force.  State your defenses to this lawsuit and all facts
13   that support or tend to support each of these defenses.
14              These call for narrative responses.  They are much
15   more efficiently answered at a deposition.  They're even more
16   efficiently answered at a deposition if you have to depose all
17   nine defendants because as is the common practice, the City
18   will produce them seriatim.  If you represent that you only
19   need an hour or two for each defendant, I'll direct the City
20   to produce three or four defendants a day.
21              So I am going to adopt the City's proposal with
22   respect to the single interrogatory.  I deem it propounded.
23   How long do you need to respond, Ms. Depoian?
24              MS. DEPOIAN:  No more than two weeks should be fine.
25              THE COURT:  Okay.  Your response is due
```

6

1  December 20th.  Do we already have a schedule in place to
2  govern the practice -- the case going forward?
3              MS. DEPOIAN:  We do, yes.  We have actually asked
4  plaintiff to correct some deficiencies in his discovery by
5  today, so we may actually need an extension of the discovery
6  cut off in order to hold depositions.  I believe our cutoff is
7  the 21st of December.
8              THE COURT:  Well, if you provide these answers on
9  the 20th, you're certainly going to need an extension.
10             MS. DEPOIAN:  Yes.
11             THE COURT:  Let me take a look at a calendar.
12                   [Pause in the proceedings.]
13 Okay.  If we extend the discovery cut off to February 1st do
14 you think you can get it done?
15             MS. DEPOIAN:  That should leave us with enough time.
16             THE COURT:  Mr. Uzoh.
17             MR. UZOH:  Your Honor, that should be -- that --
18 well, we'll have to work to meet that deadline, Your Honor.
19             THE COURT:  Do you want more time?
20             MS. DEPOIAN:  Well, probably, just because of a
21 schedule in my other cases as well, Your Honor.
22             THE COURT:  What would you propose?
23             MR. UZOH:  Probably towards the end of February,
24 beginning of March.
25             THE COURT:  All right, March 1st to complete

7

1  discovery and our January conference will be held instead on
2  March 14th at 10:00 a.m.  Okay?
3            MS. DEPOIAN:  That is fine.
4            MR. UZOH:  March 14th at 10:00 a.m.?
5            THE COURT:  Um-hum.
6            MS. DEPOIAN:  Can I just clarify?  Is plaintiff
7  going to provide that single interrogatory for us to respond
8  to or --
9            THE COURT:  No, no, you --
10           MS. DEPOIAN:  -- should I just identify the role.
11           THE COURT:  That's what I meant by deemed
12  propounded.
13           MS. DEPOIAN:  Got it.
14           THE COURT:  Okay.
15           MS. DEPOIAN:  Okay, thank you.
16           THE COURT:  March 14th at 10:00 a.m. work for you,
17  Mr. Uzoh?
18           MR. UZOH:  That works for me, Your Honor.
19           THE COURT:  Have a good day.
20           MR. UZOH:  Thank you.
21           MS. DEPOIAN:  Thank you, Your Honor.
22           (Proceeding concluded at 2:40 p.m.)
23                        * * * * *
24
25

```
                                                                    8
 1            I certify that the foregoing is a court transcript
 2   from an electronic sound recording of the proceedings in the
 3   above-entitled matter.
 4
 5                           _____
 6
 7                           Ruth Ann Hager, C.E.T.**D-641
 8   Dated:  March 6, 2013
```